ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
DDonadio@braytonlaw.com
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California  94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

Attorneys for Plaintiffs

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD JOHNSON and MARCELLA JOHNSON, | No. _____ |
| Plaintiffs, | COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL |
| vs. | |
| PUGET SOUND COMMERCE CENTER, INC. (FKA TODD SHIPYARDS CORPORATION); GEORGIA-PACIFIC LLC (FKA GEORGIA-PACIFIC CORPORATION); | |
| Defendants. | |

## I.

## PARTIES

1.      Plaintiff in this action, RICHARD JOHNSON, has sustained asbestos-related lung injuries as a result of his inhalation of asbestos fibers through his occupational exposure to asbestos.  Plaintiff, MARCELLA JOHNSON, has sustained loss of consortium as set forth in the Fourth Cause of Action.

2.      Plaintiff RICHARD JOHNSON sustained an asbestos-related lung disease by the inhalation of asbestos fibers released during the handling of asbestos-containing products at Plaintiff's jobsites.

///

3.     The pathogenesis of Plaintiff RICHARD JOHNSON's asbestos-related diseases is explained on **Exhibit A**, attached to Plaintiffs' complaint and incorporated by reference herein.

4.     All of Plaintiffs' claims arise out of repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at Plaintiff RICHARD JOHNSON's worksites, over a period of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Plaintiff RICHARD JOHNSON, resulting in cumulative, progressive, incurable lung diseases.

5.     Plaintiff RICHARD JOHNSON claims damages for an asbestos-related disease arising from a series of occurrences not dependent on Plaintiff's worksite but on the fact that asbestos-containing products, when handled in the manner in which they were intended, released harmful asbestos fibers which when inhaled by Plaintiff, caused serious lung disease.

6.     As used herein, Plaintiff shall mean the above-captioned asbestos-injured Plaintiff RICHARD JOHNSON.

7.     Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants were and are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of San Francisco, State of California.

## II.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

8.     <u>Jurisdiction</u>: Plaintiff RICHARD JOHNSON is a citizen of the State of North Dakota.

Defendants are each corporations incorporated under the laws of and having its principal places of business in the following States:

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

| DEFENDANT | STATE |
|---|---|
| PUGET SOUND COMMERCE CENTER, INC. (FKA TODD SHIPYARDS CORPORATION) | Delaware/Washington |
| GEORGIA-PACIFIC LLC (FKA GEORGIA-PACIFIC CORPORATION) | Delaware/Georgia |

This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

9.      Venue / Intradistrict Assignment. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by Plaintiff herein occurred within the County of San Francisco, California, and Defendants are subject to personal jurisdiction in this district at the time the action is commenced.

**III.**

**CAUSES OF ACTION**

FIRST CAUSE OF ACTION
(Negligence)

PLAINTIFF RICHARD JOHNSON COMPLAINS OF DEFENDANTS PUGET SOUND COMMERCE CENTER, INC. (FKA TODD SHIPYARDS CORPORATION), GEORGIA-PACIFIC LLC (FKA GEORGIA-PACIFIC CORPORATION) THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

10.      At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

1  supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting,

2  representing, endorsing servicing, installing, contracting for installation, repairing, marketing,

3  warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

4  otherwise directing and/or facilitating the use of, or advertising a certain product, namely

5  asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be

6  called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious

7  conduct of each successor, successor in business, successor in product line or a portion thereof,

8  assign, predecessor in product line or a portion thereof, parent, holding company, affiliate,

9  venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or

10 entity that it was a member of, or funded, that researched, studied, manufactured, fabricated,

11 designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,

12 sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

13 rebranded, manufactured for others and advertised a certain product, namely asbestos, and other

14 products containing asbestos. The following defendants, and each of them, are liable for the acts

15 of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual

16 destruction of Plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each

17 of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE

18 ENTITY; defendants, and each of them, caused the destruction of Plaintiff's remedy against each

19 such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading

20 role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill

21 originally attached to each such ALTERNATE ENTITY:

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| PUGET SOUND COMMERCE CENTER, INC. (FKA TODD SHIPYARDS CORPORATION) | VIGOR SHIPYARDS, INC. ( FKA TODD PACIFIC SHIPYARDS CORPORATION) SEATTLE-TACOMA SHIPBUILDING CORP. TODD SEATTLE DRY DOCKS, INC. |
| GEORGIA-PACIFIC LLC (FKA GEORGIA-PACIFIC CORPORATION) | BESTWALL GYPSUM COMPANY CALIFORNIA WESTERN RAILROAD COLUMBIA VALLEY LUMBER COMPANY |

28 ///

11.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos and other products containing asbestos.

12.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES and each of them, singularly and jointly, negligently, and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted, installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos, and other products containing asbestos, in that said products caused personal injuries to users, consumers, workers, bystanders and others, including the Plaintiff herein, (hereinafter collectively called "exposed persons"), while being used in a manner that was reasonably foreseeable, thereby rendering said products hazardous, unsafe and dangerous for use by "exposed persons."

13.     Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to exercise due care in the pursuance of the activities mentioned above and defendants, and each of them, breached said duty of due care.

14.     Defendants, their ALTERNATE ENTITIES and each of them, knew, or should have known, and intended that the aforementioned asbestos and products containing asbestos and related products and equipment, would be transported by truck, rail, ship, and other common carriers, that in the shipping process the products would break, crumble, or be otherwise damaged; and/or that such products would be used for insulation, construction, plastering,

fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding, breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling "exposed persons", including Plaintiff herein, would use or be in proximity to and exposed to said asbestos fibers, which contaminated the packaging, products, environment, and clothing of persons working in proximity to said products, directly or through reentrainment.

15. Plaintiff has used, handled, or been otherwise exposed to asbestos and asbestos-containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's exposure to asbestos and asbestos-containing products is on current information as set forth at various locations and circumstances in **Exhibit A**, attached to Plaintiff's complaint and incorporated by reference herein.

16. As a direct and proximate result of the acts, omissions, and conduct of the defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss, or harm to the Plaintiff as set forth in **Exhibit A,** attached to Plaintiff's complaint and incorporated by reference herein.

17. Plaintiff is informed and believes, and thereon alleges, that progressive lung disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers without perceptible trauma and that said injury, damage, loss, or harm results from exposure to asbestos and asbestos-containing products over a period of time.

18. Plaintiff suffers from a condition related to exposure to asbestos and asbestos-containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-containing products presented risk of injury and/or disease.

19. As a direct and proximate result of the aforesaid conduct of defendants, their ALTERNATE ENTITIES, and each of them, Plaintiff has suffered, and continue to suffer, permanent injuries and/or future increased risk of injuries to their persons, body and health, including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and

1  emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to

2  Plaintiff's general damage.

3      20.    As a direct and proximate result of the aforesaid conduct of the defendants, their

4  "alternate entities," and each of them, Plaintiff has incurred, is presently incurring, and will incur

5  in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays

6  and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this

7  time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost

8  thereof is ascertained.

9      21.    As a further direct and proximate result of the said conduct of the defendants,

10  their "alternate entities," and each of them, Plaintiff has incurred pecuniary losses, the full nature

11  and extent of which are not yet known to Plaintiff; and leave is requested to amend this

12  complaint to conform to proof at the time of trial.

13      22.    Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,

14  directors and managing agents participated in, authorized, expressly and impliedly ratified, and

15  had full knowledge of, or should have known of, each of the acts set forth herein.

16      23.    Defendants, their "alternate entities," and each of them, are liable for the

17  fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,

18  and each defendant's officers, directors and managing agents participated in, authorized,

19  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of

20  each of their ALTERNATE ENTITIES as set forth herein.

21      24.    The herein-described conduct of said defendants listed in this paragraph below,

22  their "alternate entities," and each of them, was and is willful, malicious, fraudulent, outrageous

23  and in conscious disregard and indifference to the safety and health of "exposed persons."

24  Plaintiff, for the sake of example and by way of punishing said defendants, seeks punitive

25  damages according to proof against the following defendant only: GEORGIA-PACIFIC LLC

26  (FKA GEORGIA-PACIFIC CORPORATION).

27      WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities," and

28  each of them, as hereinafter set forth.

SECOND CAUSE OF ACTION
(Products Liability)

AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY, PLAINTIFF RICHARD JOHNSON COMPLAINS OF DEFENDANTS PUGET SOUND COMMERCE CENTER, INC. (FKA TODD SHIPYARDS CORPORATION), GEORGIA-PACIFIC LLC (FKA GEORGIA-PACIFIC CORPORATION); THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AS FOLLOWS:

25.     Plaintiff incorporates herein by reference, as though fully set forth herein, the allegations contained in each paragraph of the First Cause of Action herein.

26.     Defendants, their ALTERNATE ENTITIES, and each of them, knew and intended that the above-referenced asbestos and asbestos-containing products would be used by the purchaser or user without inspection for defects therein or in any of their component parts and without knowledge of the hazards involved in such use.

27.     Said asbestos and asbestos-containing products were defective and unsafe for their intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The defect existed in the said products at the time they left the possession of defendants, their "alternate entities," and each of them.  Said products did, in fact, cause personal injuries, including asbestosis, other lung damage, and cancer to "exposed persons", including Plaintiff herein, while being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe and dangerous for use.

28.     "Exposed persons" did not know of the substantial danger of using said products. Said dangers were not readily recognizable by "exposed persons."  Said defendants, their ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to which Plaintiff and others similarly situated were exposed.

29.     In researching, manufacturing, fabricating, designing, modifying, testing or failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos

and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
did so with conscious disregard for the safety of "exposed persons" who came in contact with
said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE
ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or
death resulting from exposure to asbestos or asbestos-containing products, including, but not
limited to, asbestosis, other lung damages and cancer. Said knowledge was obtained, in part,
from scientific studies performed by, at the request of, or with the assistance of, said defendants,
their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said
defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

30.     On or before 1930, and thereafter, said defendants, their ALTERNATE
ENTITIES and each of them, were aware that members of the general public and other "exposed
persons", who would come in contact with their asbestos and asbestos-containing products, had
no knowledge or information indicating that asbestos or asbestos-containing products could
cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that
members of the general public and other "exposed persons", who came in contact with asbestos
and asbestos-containing products, would assume, and in fact did assume, that exposure to
asbestos and asbestos-containing products was safe, when in fact said exposure was extremely
hazardous to health and human life.

31.     With said knowledge, said defendants, their ALTERNATE ENTITIES, and each
of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,
lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,
market, warrant, rebrand, manufacture for others, package and advertise said asbestos and
asbestos-containing products without attempting to protect "exposed persons" from or warn
"exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn
"exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed

1  and suppressed said knowledge from "exposed persons" and members of the general public, thus

2  impliedly representing to "exposed persons" and members of the general public that asbestos and

3  asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their

4  ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied

5  representations with the knowledge of the falsity of said implied representations.

6        32.    The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,

7  and each of them, was motivated by the financial interest of said defendants, their ALTERNATE

8  ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,

9  manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,

10  sale, inspection, installation, contracting for installation, repair, marketing, warranting,

11  rebranding, manufacturing for others, packaging and advertising of asbestos and asbestos-

12  containing products. In pursuance of said financial motivation, said defendants, their

13  ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed

14  persons" and in fact were consciously willing and intended to permit asbestos and asbestos-

15  containing products to cause injury to "exposed persons" and induced persons to work with and

16  be exposed thereto, including Plaintiff.

17        33.    Plaintiff alleges that the aforementioned defendants, their ALTERNATE

18  ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing

19  products to be safe for their intended use but that their asbestos and asbestos-containing products,

20  created an unreasonable risk of bodily harm to exposed persons.

21        34.    Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos

22  and various asbestos-containing products manufactured, fabricated, inadequately researched,

23  designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered

24  for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,

25  marketed, warranted, rebranded, manufactured for others, packaged and advertised by the

26  aforementioned defendants, their ALTERNATE ENTITIES, and each of them and that Plaintiff

27  cannot identify precisely which asbestos or asbestos-containing products caused the injuries

28  complained of herein.

35.     Plaintiff relied upon defendants', their "alternate entities"', and each of their representations, lack of warnings, and implied warranties of fitness of asbestos and their asbestos-containing products. As a direct, foreseeable and proximate result thereof, Plaintiff has been injured permanently as alleged herein.

36.     As a direct and proximate result of the actions and conduct outlined herein, Plaintiff has suffered the injuries and damages previously alleged.

WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE ENTITIES, and each of them, as hereinafter set forth.

<u>THIRD CAUSE OF ACTION</u>
(Premises Owner/Contractor Liability)

AS AND FOR A FURTHER AND THIRD SEPARATE AND DISTINCT CAUSE OF ACTION, PLAINTIFF COMPLAINS OF DEFENDANT PUGET SOUND COMMERCE CENTER, INC. (FKA TODD SHIPYARDS CORPORATION), AND THEIR ALTERNATE ENTITIES (hereinafter PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS), AND ALLEGES AS FOLLOWS:

37.     Plaintiff incorporates herein by reference, as though fully set forth herein, each paragraphs 17 through 22 of the First Cause of Action herein.

38.     At all times herein mentioned, each of the PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS was a successor, successor-in-business, assign, predecessor, predecessor-in-business, parent, holding company, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of an entity causing certain asbestos-containing insulation, other building materials, products, and toxic substances to be constructed, installed, maintained, used, replaced, repaired and/or removed on the respective premises owned, leased, maintained, managed, and/or controlled by them.  Said entities shall hereinafter collectively be called ALTERNATE ENTITIES.  Each of the herein-named defendants is liable for the tortious conduct of each successor, successor-in-business, assign, predecessor-in-business, parent, holding company, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, that caused the presence as aforesaid of said asbestos-containing insulation and

other toxic substances. Said defendants, and each of them, are liable for the acts of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual destruction of Plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each of them, have acquired the assets, or a portion thereof, of each such alternate entity; defendants, and each of them, have caused the destruction of Plaintiff's remedy against each such alternate entity; each such defendant has the ability to assume the risk-spreading role of each such ALTERNATE ENTITY, and that each such defendant enjoys the goodwill originally attached to each such ALTERNATE ENTITY.

39. At all times mentioned herein, the PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS, and each of them, respectively, owned, leased, maintained, managed, and/or controlled the premises where Plaintiff was present. The following information provided is preliminary, based on recall over events covering many years and further investigation and discovery may produce more reliable information:

| CONTRACTOR DEFENDANTS | LOCATION | TIME PERIOD |
|---|---|---|
| PUGET SOUND COMMERCE CENTER, INC. (FKA TODD SHIPYARDS CORPORATION) | Naval Training Center, San Diego, CA | 8/27/1962 - 11/7/1962 |
| | Long Beach Naval Station, Long Beach, CA | 11/22/1962- 12/17/1962 |
| | CARTER HALL (LSD-3) | 12/17/1962- 9/22/1966 |
| | Todd Shipyard, Seattle, WA | 3/1963-4/1963 |
| | Long Beach Naval Station, Long Beach, CA | 5/1963-8/1963 |
| | Japan; Vietnam; Taiwan; Philippines; Guam; Hong Kong; Hawaii | 9/1963-4/1964 |
| | Long Beach Naval Station, Long Beach, CA | 5/1964-7/1964 |
| | Bethlehem Shipyard, San Pedro, CA | 8/1964-11/1964 |

///

| CONTRACTOR DEFENDANTS | LOCATION | TIME PERIOD |
|---|---|---|
| PUGET SOUND COMMERCE CENTER, INC. (FKA TODD SHIPYARDS CORPORATION) | Japan; Vietnam; Taiwan; Philippines; Guam; Hong Kong; Hawaii | 1965 |
| | Long Beach Naval Shipyard, Long Beach, CA; Todd Shipyard, San Pedro, CA | 3/1966-6/1966 |
| | Long Beach Naval Station, Long Beach, CA | 7/1966-8/1966 |
| | Todd Shipyard, San Pedro, CA | 9/1966 |

Additionally, Plaintiff might have been present at these or other PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS' premises at other locations and on other occasions.

40.     Prior to and at said times and places, said PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS, and each of them, respectively, caused certain asbestos-containing insulation, other building materials, products, and toxic substances to be constructed, installed, maintained, used, supplied, replaced, repaired, and/or removed on each of the aforesaid respective premises, by their own workers and/or by various unqualified or unskilled contractors, and caused the release of dangerous quantities of toxic asbestos fibers and other toxic substances into the ambient air and thereby created a hazardous and unsafe condition to Plaintiff and other persons exposed to said asbestos fibers and toxic substances while present at said premises.

41.     At all times mentioned herein, said PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS, and each of them, knew or in the exercise of ordinary and reasonable care should have known, that the foregoing conditions and activities created a dangerous, hazardous, and unsafe condition, and unreasonable risk of harm and personal injury to Plaintiff and other workers or persons so exposed present on each of the aforesaid respective premises.

42.     At all times relevant herein, Plaintiff entered said premises and used or occupied each of said respective premises as intended and for each of the respective PREMISES OWNER/

1    CONTRACTOR LIABILITY DEFENDANTS' benefit and advantage and at each of the

2    respective PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS' request and

3    invitation.  In so doing, Plaintiff was exposed to dangerous quantities of asbestos fibers and other

4    toxic substances released into the ambient air by the aforesaid hazardous conditions and activities

5    managed, maintained, initiated, and/or otherwise created, controlled, or caused by said

6    PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS, and each of them.

7          43.    Plaintiff at all times was unaware of the hazardous condition or the risk of

8    personal injury created by the aforesaid presence and use of asbestos products and materials and

9    other toxic substances on said premises.

10         44.    At all times mentioned herein, said PREMISES OWNER/CONTRACTOR

11    LIABILITY DEFENDANTS, and each of them, remained in control of the premises where

12    Plaintiff was performing his work.

13         45.    Said PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS

14    retained control over safety and other related conditions and circumstances at Plaintiff's job

15    site(s) and affirmatively contributed to and exercised, or failed to exercise, that control in a

16    manner that caused Plaintiff's injuries from asbestos-containing products.

17         46.    At all times mentioned herein, the PREMISES OWNER/CONTRACTOR

18    LIABILITY DEFENDANTS owed to Plaintiff and others similarly situated a duty to exercise

19    ordinary care in the management of such premises so as to avoid exposing workers such as

20    Plaintiff, to an unreasonable risk of harm and to avoid causing injury to said person.

21         47.    At all times mentioned herein, said PREMISES OWNER/CONTRACTOR

22    LIABILITY DEFENDANTS, and each of them, knew, or in the exercise of ordinary and

23    reasonable care should have known, that the premises that were in their control would be used

24    without knowledge of, or inspection for, defects or dangerous conditions and that the persons

25    present and using said premises would not be aware of the aforesaid hazardous conditions to

26    which they were exposed on the premises.

27         48.    At all times mentioned herein, said PREMISES OWNER/CONTRACTOR

28    LIABILITY DEFENDANTS, and each of them, negligently failed to maintain, manage, inspect,

1   survey, or control said premises, or to abate, or correct, or to warn Plaintiff of, the existence of

2   the aforesaid dangerous conditions and hazards on or about said premises.

3        49.     Prior to and at the times and places aforesaid, said PREMISES

4   OWNER/CONTRACTOR LIABILITY DEFENDANTS, and each of them, respectively, caused

5   certain asbestos-containing insulation, other building materials, products, and toxic substances to

6   be constructed, installed, maintained, used, replaced, repaired and/or removed on each of their

7   aforesaid respective premises, by their own workers and/or by employing various contractors,

8   and caused the release of dangerous quantities of toxic asbestos fibers and other toxic substances

9   into the ambient air and thereby injured Plaintiff.

10       50.     At all times mentioned herein, said PREMISES OWNER/CONTRACTOR

11  LIABILITY DEFENDANTS, and each of them:

12            a.  Should have recognized that the work of said contractors would create during

13  the progress of the work, dangerous, hazardous, and unsafe conditions, which could or would

14  harm Plaintiff and others unless special precautions were taken;

15            b.  Knew or had reason to know, that the contractors it had selected and hired to

16  install, remove, abate, or otherwise handle asbestos-containing materials were unfit, unskilled,

17  unlicenced, or otherwise unqualified to do so;

18            c.  Failed to use reasonable care to discover whether the contractors it selected and

19  hired to install, remove, abate, or otherwise handle asbestos-containing materials were

20  competent, or qualified to do so.

21       51.     In part, Plaintiff was exposed to dangerous asbestos fibers and other toxic

22  substances by reason of such contractors' failure to take the necessary precautions.

23       52.     The work of contractors on premises controlled by the PREMISES

24  OWNER/CONTRACTOR LIABILITY DEFENDANTS created an unsafe premise and an unsafe

25  work place by reason of the release of dangerous quantities of toxic substances, including but not

26  limited to asbestos.

27  ///

28  ///

53.     The unsafe premise or work place was created, in part, by the negligent conduct of the contractors employed by the PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS.  Said negligent conduct includes, but is not limited to:

a.     Failure to warn of asbestos and other toxic dusts;

b.     Failure to suppress the asbestos-containing or toxic dusts;

c.     Failure to remove the asbestos-containing and toxic dusts through use of ventilation or appropriate means;

d.     Failure to provide adequate breathing protection, i.e., approved respirators or masks;

e.     Failure to inspect and/or test the air;

f.     Failure to provide medical monitoring.

g.     Failure to select and hire a careful and competent contractor or subcontractor.

54.     The PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS' duties to maintain and provide safe premises, a safe place to work, and to warn of dangerous conditions are non-delegable; said duties arise out of, inter alia, common law, California Civil Code § 1714, and California Labor Code § 6400, et seq., or California Health and Safety Code § 40.200, et seq., and regulations promulgated thereunder.  Accordingly, the PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS are responsible for any breach of said duties whether by themselves or others.

55.     Prior to and at said times and places, said PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS were subject to certain ordinances, standards, statutes, and other government regulations promulgated by the United States Government, the State of California, and others, including but not limited to the General Industry Safety Orders promulgated pursuant to California Labor Code § 6400 and the California Administrative Code under the Division of Industrial Safety, Department of Industrial Relations, including but not limited to Title VIII, Group 9 (Control of Hazardous Substances), Article 81, § 4150, §  4106, §  4107, and §  4108, and Threshold Limit Values as documented for asbestos and other toxic substances under

Appendix A, Table 1 of said Safety Orders; additionally, <u>California Health and Safety Code</u> § 40.200, <u>et seq</u>., which empowers the Bay Area Air Quality Management District (B.A.A.Q.D.) to promulgate regulations including, but not limited to <u>B.A.A.Q.D. Regulation</u> 11, Rules 2 and 14, Title 40 <u>Code of Federal Regulations</u>, Chapter 1, Part 61, <u>et seq</u>. -- The National Emission Standards for Hazardous Air Pollutants, which required said PREMISES OWNER/ CONTRACTOR LIABILITY DEFENDANTS to provide specific safeguards or precautions to prevent or reduce the inhalation of asbestos dust and other toxic fumes or substances; and said PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS failed to provide the required safeguards and precautions, or contractors employed by the PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS failed to provide the required safeguards and precautions.  Defendants' violations of said codes include, but are not limited to:

        (a)    Failing to comply with statutes and allowing ambient levels of airborne asbestos fiber to exceed the permissible/allowable levels with regard to the aforementioned statutes;

        (b)    Failing to segregate work involving the release of asbestos or other toxic dusts;

        (c)    Failing to suppress dust using prescribed ventilation techniques;

        (d)    Failing to suppress dust using prescribed "wet down" techniques;

        (e)    Failing to warn or educate Plaintiff or others regarding asbestos or other toxic substances on the premises;

        (f)    Failing to provide approved respiratory protection devices;

        (g)    Failing to ensure "approved" respiratory protection devices were used adequately;

        (h)    Failing to provide for an on-going health screening program for those exposed to asbestos on the premises;

        (i)    Failing to provide adequate housekeeping and clean-up of the work place;

        (j)    Failing to adequately warn of the hazards associated with asbestos as required by these statutes;

1        (k)     Failing to adequately report renovation and disturbance of asbestos-

2 containing materials, including but not limited to <u>B.A.A.Q.M.D. Regulation</u> 11, Rules 2 and 14;

3        (l)     Failing to have an asbestos removal supervisor as required by regulation;

4        (m)    Failing to get approval for renovation as required by statutes; and

5        (n)     Failing to maintain records as required by statute.

6      56.     PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS, and each of

7 them, were the "statutory employer" of the Plaintiff as defined by the <u>California Labor Code</u> and

8 California case law.

9      57.     Plaintiff at all times was unaware of the hazardous condition or the risk of

10 personal injury created by defendants' violation of said regulations, ordinances, or statutes.

11     58.     At all times mentioned herein, Plaintiff was a member of the class of persons

12 whose safety was intended to be protected by the regulations, standards, statutes, or ordinances

13 described in the foregoing paragraphs.

14     59.     At all times mentioned herein, said PREMISES OWNER/CONTRACTOR

15 LIABILITY DEFENDANTS, and each of them, knew, or in the exercise of ordinary and

16 reasonable care should have known, that the premises that were in their control would be used

17 without knowledge of, or inspection for, defects or dangerous conditions, that the persons present

18 and using said premises would not be aware of the aforesaid hazardous conditions to which they

19 were exposed on the premises, and that such persons were unaware of the aforesaid violations of

20 codes, regulations, and statutes.

21     60.     As a proximate result of the foregoing, Plaintiff developed asbestos-related

22 illness, which has caused great injury and disability as previously set forth, and Plaintiff, has

23 suffered damages as herein alleged.

24        WHEREFORE, Plaintiff, prays judgment against defendants, their ALTERNATE

25 ENTITIES, and each of them, as hereinafter set forth.

26 ///

27 ///

28 ///

FOURTH CAUSE OF ACTION
(Loss of Consortium)

AS AND FOR A FOURTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF MARCELLA JOHNSON COMPLAINS OF DEFENDANTS PUGET SOUND COMMERCE CENTER, INC. (FKA TODD SHIPYARDS CORPORATION), GEORGIA-PACIFIC LLC (FKA GEORGIA-PACIFIC CORPORATION); THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

61.     Plaintiffs incorporate by reference each and every paragraph of the First through Second Causes of Action herein.

62.     Plaintiffs RICHARD JOHNSON and MARCELLA JOHNSON were married on September 6, 1969, and at all times relevant to this action were, and are now, husband and wife.

63.     Prior to Plaintiff RICHARD JOHNSON's injuries as alleged, he was able and did perform duties as a spouse.  Subsequent to the injuries and as a proximate result thereof, RICHARD JOHNSON has been unable to perform the necessary duties as a spouse and the work and service usually performed in the care, maintenance and management of the family home, and he will be unable to perform such work, service and duties in the future.  As a proximate result thereof, Plaintiff MARCELLA JOHNSON has been permanently deprived and will be deprived of the consortium of her spouse, including the performance of duties, all to her damages, in an amount presently unknown but which will be proved at the time of trial.

64.     Plaintiff's discovery of the cause of her loss of consortium, as herein alleged, first occurred within one year of the date this complaint was filed.

65.     As a direct and proximate result of the acts of defendants, their "alternate entities," and each of them, and the severe injuries caused thereby to Plaintiff RICHARD JOHNSON as set forth in this complaint, Plaintiff MARCELLA JOHNSON has suffered, and for a long period of time will continue to suffer loss of consortium, including but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of said spouse,

///

1   and has suffered severe mental and emotional distress and general nervousness as a result

2   thereof.

3       WHEREFORE, Plaintiffs pray judgment against defendants, their ALTERNATE

4   ENTITIES, and each of them, as hereinafter set forth.

5                                   IV.

6                                 PRAYER

7       WHEREFORE, Plaintiffs pray judgment against defendants, their ALTERNATE

8   ENTITIES, and each of them in an amount to be proved at trial, as follows:

9   Plaintiff RICHARD JOHNSON:

10      (a)     For Plaintiff's general damages according to proof;

11      (b)     For Plaintiff's loss of income, wages and earning potential according to proof;

12      (c)     For Plaintiff's medical and related expenses according to proof;

13  Plaintiff MARCELLA JOHNSON:

14      (d)     For Plaintiff's damages for loss of consortium according to proof;

15  Plaintiffs RICHARD JOHNSON and MARCELLA JOHNSON:

16      (e)     For Plaintiffs' cost of suit herein;

17      (f)     For exemplary or punitive damages according to proof against defendant

18              GEORGIA-PACIFIC LLC (FKA GEORGIA-PACIFIC CORPORATION), only;

19      (g)     For damages for fraud according to proof; and

20      (h)     For such other and further relief as the Court may deem just and proper, including

21              costs and prejudgment interest.

22  Dated:   6/12/15                    BRAYTON❖PURCELL LLP

23

24                                  By: _____
                                        David R. Donadio, Esq., S.B. #154436
                                        Attorneys for Plaintiffs

25

26

27

28

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

1

<u>JURY DEMAND</u>

2

Plaintiffs hereby demand trial by jury of all issues of this cause.

3

Dated: ____6|12|15____ .               BRAYTON❖PURCELL LLP

4

5

By: _____
David R. Donadio, Esq., S.B. #154436
Attorneys for Plaintiffs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1                                    EXHIBIT A

2   Plaintiff: RICHARD JOHNSON

3

4   Plaintiff's injuries:  Plaintiff was diagnosed with mesothelioma on or about November 2014.

5

6   Retirement Status:

7   Plaintiff retired from his last place of employment at regular retirement age.  He has therefore

8   suffered no disability from his asbestos-related disease as "disability" is defined in California

9   Code of Civil Procedure § 340.2.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Training Center, San Diego, CA | Trainee | 8/27/1962 - 11/7/1962 |
| | Long Beach Naval Station, Long Beach, CA | | 11/22/1962- 12/17/1962 |
| | CARTER HALL (LSD-3) | Boiler Tender | 12/17/1962- 9/22/1966 |
| | Todd Shipyard, Seattle, WA | | 3/1963-4/1963 |
| | Long Beach Naval Station, Long Beach, CA | | 5/1963-8/1963 |
| | Japan; Vietnam; Taiwan; Philippines; Guam; Hong Kong; Hawaii | | 9/1963-4/1964 |
| | Long Beach Naval Station, Long Beach, CA | | 5/1964-7/1964 |
| | Bethlehem Shipyard, San Pedro, CA | | 8/1964-11/1964 |
| | Japan; Vietnam; Taiwan; Philippines; Guam; Hong Kong; Hawaii | | 1965 |
| | Long Beach Naval Shipyard, Long Beach, CA; Todd Shipyard, San Pedro, CA | | 3/1966-6/1966 |

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|----------------------|-----------|----------------|
| U.S. Navy (cont'd.) | Long Beach Naval Station, Long Beach, CA | | 7/1966-8/1966 |
| | Todd Shipyard, San Pedro, CA | | 9/1966 |

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL